UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ave Maria M. Ladson,<br><br>    Plaintiff,<br><br>        v.<br><br>Unilever United States, Inc.,<br><br>    Defendant. | Civil Action No.  12-1373 (JDB) |

**MEMORANDUM OPINION**

Defendant Unilever United States, Inc., removed this action from the Superior Court of the District of Columbia under this Court's diversity jurisdiction.  *See* Notice of Removal Action [Dkt. # 1].  Plaintiff alleges that in June 2012, she suffered "complications" after bathing with defendant's product, Dove Exfoliating Body Wash, which required her to go to the hospital. Compl. [Dkt. # 1-3].  Plaintiff alleges that "later that night" after her bath, she "got a vaginal itch," and suffered "uncontrollable" urination and "excessive diarrhea from 2 different medications."  *Id*.  Plaintiff is seeking a "cash settlement" of $850,000.  *Id*.

Pending before the Court is defendant's motion to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Def. Unilever United States, Inc.'s Mot. to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement [Dkt. # 3]; *see* Order of Aug. 29, 2012 (hereafter "*Fox* Order") at 1 (rejecting defendant's basis for compelling a more definite statement).  In her opposition to defendant's motion to dismiss, plaintiff states that she should be allowed 30 days to amend her complaint "as no responsive pleading has been filed to her

Complaint." Opp'n to Def. Unilever United States, Inc.'s Mot. to Dismiss or for More Definite Statement ("Pl.'s Opp'n") [Dkt. # 7] at 2.  But Rule 15(a) authorizes a complaint to be amended "once as a matter of course . . . 21 days after service of a responsive pleading *or* . . . after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 12(a)(B) (emphasis supplied).  Plaintiff did not proffer an amended complaint within 21 days of defendant's motion filed on August 27, 2012, and she has not proffered an amended complaint with her opposition despite the Court's invitation in the *Fox* Order for her to do so.  Hence, the Court will deny plaintiff's request to file an amended complaint and, finding no claim stated, will grant defendant's motion to dismiss.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).  In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *accord Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).

"[I]n passing on a motion to dismiss . . . the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  Therefore, the factual allegations are presumed true, and plaintiff is given every favorable inference that may be drawn from the allegations of fact.  *See Scheuer*, 416 U.S. at 236; *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint.  *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## ANALYSIS

"The District of Columbia has recognized a strict liability tort cause of action for defective products based on Restatement (Second) of Torts § 402(A)." *Rollins v. Wackenhut Services*, 802 F. Supp. 2d 111, 121 (D.D.C. 2011) (citing *Warner Fruehauf Trailer Co. v. Boston*, 654 A.2d 1272, 1274 (D.C. 1995)).  To state a claim, plaintiff must allege that

> (1) [defendant] was engaged in the business of selling the product that caused the harm; (2) the product was sold in a defective condition unreasonably dangerous to the consumer or user; (3) the product was one which the seller expected to and did reach the plaintiff consumer or user without any substantial change from the condition in which it was sold; and (4) the defect was a direct and proximate cause of the plaintiff's injuries.

*Warner Fruehauf Trailer Co.*, 654 A.2d at 1274 (citation omitted).

Plaintiff has not alleged any of the foregoing factors but, as defendant points out, plaintiff's claim fails particularly on the causation element.  *See* Def.'s Mem. in Support at 5-6.  Plaintiff states in opposition to the instant motion that she alleged that "she used one of Defendant's products, suffered side effects, and experienced monetary damage resulting from her hospitalization in connection with the described events."  Pl.'s Opp'n ¶ 3.  But her own

3

exhibits attached to the complaint show that she was treated at The George Washington University Hospital in June 2012 for "sprains and strains of shoulder and upper arm," Ex. 2, and "hip pain," Ex. 3, not for the alleged "complications" that arose after her bath.  Since the complaint establishes no plausible connection between the injuries for which plaintiff was treated and defendant's body wash, defendant correctly argues that plaintiff has stated no claim for which it can be held liable. Hence, the Court will grant defendant's motion to dismiss under Rule 12(b)(6).  A separate Order accompanies this Memorandum Opinion.

                                                                 /s              _
                                                  JOHN D. BATES
                                       United States District Judge

Dated:  December 10, 2012